1
2
3
4
5
6  **IN THE UNITED STATES DISTRICT COURT**
7  **FOR THE DISTRICT OF ARIZONA**
8
9  Thomas E Perez,                                    No. CV-13-01529-TUC-BPV
10                       Plaintiff,                   **CONSENT JUDGMENT**
11  v.
12  Viharas Group Incorporated, et al.,
13                       Defendants.
14
15      Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor
16  ("Plaintiff" or the "Secretary") having filed his Complaint, and Defendants Viharas
17  Group Inc. dba Doubletree Suites by Hilton, an Arizona corporation, and Ashok Kumar
18  Patel, an individual (collectively "Defendants"), having been duly advised on the
19  proceedings and having agreed to resolve the matters in controversy in this civil action,
20  consent to the entry of this Consent Judgment in accordance herewith:
21      A.   The Secretary has filed a Complaint alleging that Defendants violated
22  provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as
23  amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).
24      B.   Defendants have appeared, have had the opportunity to obtain legal
25  counsel, and acknowledge receipt of a copy of the Secretary's Complaint.
26      C.   Defendants waive issuance and service of process and waive answer and
27  any defenses to the Secretary's Complaint.
28      D.   The Secretary and Defendants waive Findings of Fact and Conclusions of

Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E.     Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District of Arizona.

F.     Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq., (hereafter the "Act" or the "FLSA"), that Defendants Viharas Group Inc. dba Doubletree Suites by Hilton, an Arizona corporation, and Ashok Kumar Patel, an individual, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

1.     Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his or her employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he or she is employed.

2.     Defendants shall not fail to make, keep, preserve, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, the records of its employees and of the wages, hours, and

other conditions and practices of employment maintained, as prescribed by the regulations issued, and from time to time amended, pursuant to Sections 11(c) and 15(a)(5) of the Act and the implementing regulations found in 29 C.F.R. Part 516.

3. Defendants shall not withhold payment of $20,859.97, plus interest of $195.58, which represents the gross unpaid compensation hereby found to be due for the period from December 1, 2009 to November 30, 2012, to the present and former employees of Defendant named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

4. **IT IS ORDERED AND ADJUDGED** that the Plaintiff shall also have and recover from Defendants the additional amount of $20,859.97 (constituting 100 percent of the back wages that so became due and unpaid in each instance) as and for liquidated damages hereby found to be due under the FLSA.

5. Defendants shall not withhold payment of $9,800, which represents unpaid civil money penalties assessed against Defendants and finally determined, pursuant to the authority granted in Section 16(e) of the FLSA, 29 U.S.C. § 216(e), for violations of the provisions of the FLSA during the period from December 1, 2009 to November 30, 2012.

6. To accomplish the requirements of Paragraphs 3, 4, and 5, Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, Phoenix District Office ("Wage and Hour Division"), 230 N. First Ave., Suite 402, Phoenix, Arizona 85003, the compromised back wage recovery, liquidated damages, and post-judgment interest provisions of this Consent Judgment in full for each person who is listed in the attached Exhibit A, by sending the following:

    a. Quarterly cashier's checks or money orders in the total amount of $10,478.88 with the firm name and "Net Back Wages, Liquidated Damages, and Interest" written on it, payable to the order of the "Wage & Hour Div., Labor." The checks or money orders described in this subparagraph shall contain no expiration date other than that which may be pre-printed on the cashier's check or money order by the issuing bank.

Each check or money order shall be delivered quarterly, on the time table provided in the attached Exhibit B.

b.   For each check or money order, a schedule in duplicate bearing the firm name (that is highlighted in the caption on page 1 of this Judgment), employer identification number(s), address(es), and phone number(s) of Defendant and showing the name, last known address, social security number, gross back wage amount and post-judgment interest (as listed in the attached Exhibit A), the amounts of legal deductions for social security and withholding taxes thereon (which Defendant shall pay directly to the federal and state agencies entitled thereto, when due, but in no event later than one year after submitting to Plaintiff the last of the net back wage amounts), and the resulting net back wage amount and post-judgment interest for each person listed in the attached Exhibit A.

c.   In the event of any default in the timely making of any payment due hereunder, the full amount due under the backwage and liquidated damages provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the defendants then known to the Secretary.

d.   The Secretary shall allocate and distribute the funds described in paragraphs 3, 4, and 5, less deductions for employees' share of social security and withholding taxes on the backwage amounts to the persons named in the attached Exhibit A, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29

U.S.C. § 216(c).

   e. On or before July 16, 2014, a check or money order in the amount of $9,800 with the firm name and "OT/CMP" written thereon payable to the order of "Wage & Hour Div., Labor," in payment of the civil money penalty assessed against the defendant for overtime pay violations.

  7. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the backwages, liquidated damages or the funds in restitution of the retaliation from any of the employees listed on the attached Exhibit A.  Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Judgment. Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

  8. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

  9. Within 30 days of the entry of this Judgment, Defendants shall revise their Employee Handbook to include in information regarding the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements, and the contact information for the Wage and Hour Division Tucson District Office:  300 W. Congress St., Suite 1-K, Tucson, AZ  85737 (Address); (520) 449-8460 (Phone); and http://www.dol.gov/whd/ (Website).

  10. Within 30 days of the entry of this Judgment, Defendants shall supply all of their employees with copies of the attached Exhibit A, which summarizes the back wages

1 owed to each employee.

2     11. Within 30 days of the entry of this Judgment, Defendants shall arrange and schedule a mandatory training for all current employees and supervisors on the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements. Defendants shall hire an independent third party to conduct training as to the requirements of the FLSA. All supervisors as well as the individuals who determine the employees pay or schedules or who prepare payroll shall attend this training. Owner and Defendant Ashok Patel shall also be required to attend. The training shall occur within 90 days of the entry of this Judgment. Defendants shall maintain documentation of this training for a period of four years and provide it to representatives of the Secretary of Labor upon their request.

    **ORDERED** that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A nor as to any employee named on the attached Exhibit A for any period not specified therein; and, it is further

    **ORDERED** that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

    **ORDERED** that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

    Dated this 4th day of November, 2013.

Raner C. Collins
Chief United States District Judge

## **EXHIBIT A** TO CONSENT JUDGMENT

| LAST NAME | FIRST NAME | BW Start Date | BW End Date | Total BW Net Due |
|---|---|---|---|---|
| ACEVEDO | NATALIA | 2/20/2010 | 12/4/2010 | $182.88 |
| ARMENTA | TROY | 9/15/2012 | 10/27/2012 | $402.33 |
| AYALA | SAMUEL | 2/18/2012 | 10/27/2012 | $407.43 |
| BRACAMONTE | JOSE | 7/7/2012 | 7/14/2012 | $30.40 |
| BRUMBLE | ANGEL(ANTHONY) | 9/29/2012 | 10/13/2012 | $100.80 |
| CARPIO | MARIA ANTONIA | 12/4/2010 | 12/1/2012 | $297.97 |
| CRUZ | AMANDA | 10/13/2012 | 10/27/2012 | $103.13 |
| EISMA-CAMACHO | FRANCISCO | 4/28/2012 | 10/13/2012 | $41.32 |
| GALINDO | JESUS | 9/15/2012 | 10/27/2012 | $196.97 |
| GALVEZ | LUIS | 7/7/2012 | 7/14/2012 | $30.40 |
| GARCIA | EMMANUEL | 12/4/2010 | 9/1/2012 | $72.87 |
| GARCIA | REYNALDO | 12/5/2009 | 12/1/2012 | $3,295.22 |
| HOWARD | JOEL | 10/13/2012 | 10/27/2012 | $44.82 |
| LEDESMA | VICTOR | 3/24/2012 | 10/20/2012 | $297.83 |
| LOPEZ | ESTEBAN | 10/13/2012 | 10/27/2012 | $191.69 |
| LOPEZ | JOSE | 1/21/2012 | 9/29/2012 | $2,551.55 |
| LOPEZ | ROBERT | 7/7/2012 | 7/21/2012 | $46.88 |
| LUJAN | HECTOR | 4/28/2012 | 10/27/2012 | $32.18 |
| MENDOZA | SAMMY | 1/2/2010 | 10/2/2010 | $90.44 |
| MOLINA | IVAN | 1/7/2012 | 6/23/2012 | $474.88 |
| MOLINA | MARCOS | 1/7/2012 | 6/23/2012 | $442.75 |
| MORENO | ILSE | 12/5/2009 | 12/1/2012 | $1,298.69 |

| | | | | |
|---|---|---|---|---|
| NAVA | SAMUEL | 6/9/2012 | 6/23/2012 | $32.17 |
| NUNEZ | DAVID | 4/7/2012 | 6/23/2012 | $26.50 |
| NUNEZ | JOSE | 3/24/2012 | 6/23/2012 | $209.10 |
| NUNEZ | FRANCISCO | 10/13/2012 | 10/27/2012 | $53.09 |
| NUNEZ | SAMUEL | 5/19/2012 | 5/26/2012 | $32.17 |
| NUNEZ SR. | ERNESTO | 12/4/2010 | 5/7/2011 | $1,242.21 |
| OLSON | AMELIA | 1/2/2010 | 1/1/2011 | $1,520.00 |
| OLVERA | MARCO | 7/7/2012 | 7/14/2012 | $45.60 |
| ORNELAS | FRANCISCO | 12/4/2010 | 12/1/2012 | $1,611.50 |
| ORNELAS | MARIA | 12/4/2010 | 12/1/2012 | $185.82 |
| PERA | ANTHONY | 7/7/2012 | 7/14/2012 | $30.40 |
| ROMERO | ANGEL | 7/7/2012 | 7/14/2012 | $30.40 |
| RUBIO | MARIA | 10/13/2012 | 10/27/2012 | $99.03 |
| RUIZ | ANTHONY | 10/13/2012 | 10/27/2012 | $473.19 |
| SABOR | JOHN | 10/13/2012 | 10/27/2012 | $204.76 |
| SABORI | LUIS | 5/26/2012 | 10/13/2012 | $116.16 |
| SANCHEZ | EDNA | 10/13/2012 | 10/27/2012 | $235.69 |
| SANDOVAL | VIRGINIA | 1/1/2011 | 2/4/2012 | $2,664.75 |
| TOLLEY | WILLIAM | 6/9/2012 | 6/23/2012 | $40.98 |
| VALDILLEZ | ROSENDA | 10/13/2012 | 10/27/2012 | $102.58 |
| VALENZUELA | LUIS | 12/19/2009 | 7/31/2010 | $869.54 |
| VILLEGAS | MARTA | 9/29/2012 | 10/27/2012 | $400.90 |

## **EXHIBIT B** TO CONSENT JUDGMENT

| Payment Due Date | Net Wages Due | Post Judgment Interest Due | Liquidated Damages Due | Total Net Wages Due |
|---|---|---|---|---|
| November 15, 2013 | $5,214.99 | $48.90 | $5,214.99 | $10,478.88 |
| December 15, 2013 | $5,214.99 | $48.90 | $5,214.99 | $10,478.88 |
| March 15, 2014 | $5,214.99 | $48.90 | $5,214.99 | $10,478.88 |
| June 15, 2014 | $5,214.99 | $48.90 | $5,214.99 | $10,478.88 |
| **TOTAL DUE** | | | | **$41,915.52** |